IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01467-GPG

MICHAEL PETRIE,

    Plaintiff,

v.

COLORADO DEPT. OF CORRECTIONS,
RICK RAEMISCH, Exec. Director,
TRAVIS TRANI, Warden, CSP,
CLINICAL SERVICES CHIEF OF OPERATIONS,
OFFICE OF OFFENDER SERVICES, and
ANGEL MEDINA,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Michael Petrie, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Petrie initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his rights under the United States Constitution have been violated. On July 13, 2015, the court ordered Mr. Petrie to file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure. On July 21, 2015, Mr. Petrie submitted to the court a letter with two attached claims for relief. (*See* ECF No. 6.) On July 22, 2015, the court entered a minute order advising Mr. Petrie that the letter and attached claims did not comply with the order to file an amended complaint and that, in order to comply, he must file a complete amended complaint on the court-approved Prisoner Complaint form as previously directed.

On August 3, 2015, Mr. Petrie filed an Amended Prisoner Complaint (ECF No. 10) asserting two claims that appear to be identical to the claims he asserted in the original Prisoner Complaint.  Mr. Petrie also filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 11) and a "Motion to Implement Previous Claim One (1) and Claim Two (2) Forms" (ECF No. 12) in which he asks the court to consider the two claims he previously submitted to the court on July 21 with the amended complaint filed on August 3 because he cannot afford to make copies of those claims.

The court must construe Mr. Petrie's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Petrie will be ordered to file a second amended complaint if he wishes to pursue his claims.

The court has reviewed the Amended Prisoner Complaint and finds that the claims in the Amended Prisoner Complaint are deficient for the same reasons specified in the court's July 13 order.  Furthermore, Mr. Petrie may not present his claims to the court in piecemeal fashion.  Therefore, the "Motion to Implement Previous Claim One (1) and Claim Two (2) Forms" (ECF No. 12) will be denied.  However, Mr. Petrie will be given one more opportunity to file a complete amended complaint on the proper form as directed.

The court reiterates that Mr. Petrie must provide a short and plain statement of each claim showing he is entitled to relief.  The court has reviewed the two claims Mr. Petrie submitted to the court on July 21 and finds that those claims also do not comply

with the pleading requirements of Rule 8.  In particular, Mr. Petrie fails to allege specific facts that demonstrate the supervisory officials he names as Defendants personally participated in the asserted constitutional violations.  Supervisory officials may not be held liable for the unconstitutional conduct of their subordinates in a § 1983 action under a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Although a defendant can be held liable in a § 1983 action based on his or her actions as a supervisor, a claim against a supervisor must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).  In other words, Mr. Petrie must allege that each Defendant, through his or her own individual actions, has violated the Constitution.  *See Iqbal*, 556 U.S. at 676.

In order to satisfy the pleading requirements of Rule 8, Mr. Petrie must identify the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").  Because Mr. Petrie is asserting Eighth Amendment claims, he is reminded that he must allege facts that demonstrate deliberate indifference to a

substantial risk of serious harm, *see Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008), or deliberate indifference to his serious medical needs, *see Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Mr. Petrie also is reminded that vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Accordingly, it is

ORDERED that Mr. Petrie file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that Mr. Petrie shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal

assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Petrie fails within the time allowed to file a second amended complaint that complies with this order as directed, the action will be dismissed without further notice.  It is

FURTHER ORDERED that the "Motion to Implement Previous Claim One (1) and Claim Two (2) Forms" (ECF No. 12) is denied.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 11) is denied as moot.

DATED August 5, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge