IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01467-GPG

MICHAEL PETRIE,

Plaintiff,

v.

COLORADO DEPT. OF CORRECTIONS,
RICK RAEMISCH, Exec. Director,
TRAVIS TRANI, Warden, CSP,
CLINICAL SERVICES CHIEF OF OPERATIONS,
OFFICE OF OFFENDER SERVICES, and
ANGEL MEDINA,

Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Michael Petrie, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Petrie initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his rights under the United States Constitution have been violated. On July 13, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Petrie to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Gallagher provided specific and detailed instructions to Mr. Petrie regarding the pleading requirements of Rule 8 and the factual allegations necessary to support the Eighth Amendment claims he is asserting.

On July 21, 2015, Mr. Petrie submitted to the Court a letter with two attached claims for relief. (*See* ECF No. 6). On July 22, 2015, Magistrate Judge Gallagher

entered a minute order advising Mr. Petrie that the letter and attached claims did not comply with the order to file an amended complaint and that, in order to comply, he must file a complete amended complaint using the required Prisoner Complaint form.

On August 3, 2015, Mr. Petrie filed an Amended Prisoner Complaint (ECF No. 10) asserting two claims that appear to be identical to the claims asserted in the original Prisoner Complaint. Mr. Petrie also filed a "Motion to Implement Previous Claim One (1) and Claim Two (2) Forms" (ECF No. 12) asking the Court to consider the two claims he submitted on July 21 as part of his amended complaint because he could not afford to make photocopies of the claims.

On August 5, 2015, Magistrate Judge Gallagher entered an order directing Mr. Petrie to file a second amended complaint. Magistrate Judge Gallagher determined the claims in Amended Prisoner Complaint were deficient for the same reasons specified in his prior order directing Mr. Petrie to file an amended complaint. Magistrate Judge Gallagher also denied the "Motion to Implement Previous Claim One (1) and Claim Two (2) Forms" because Mr. Petrie may not present his claims in piecemeal fashion. Furthermore, Magistrate Judge Gallagher determined the two claims Mr. Petrie submitted to the Court on July 21 also did not comply with the pleading requirements of Rule 8 because Mr. Petrie failed to allege specific facts in support of the claims that demonstrate the supervisory officials he names as Defendants personally participated in the asserted constitutional violations. Although the Amended Prisoner Complaint did not comply with Rule 8, Magistrate Judge Gallagher determined Mr. Petrie should be given another opportunity to file a proper pleading. Magistrate Judge Gallagher provided specific and detailed instructions to Mr. Petrie regarding the allegations

necessary to support a claim against a supervisory official and he reiterated the pleading requirements of Rule 8 and the factual allegations necessary to support the Eighth Amendment claims Mr. Petrie is asserting.  Mr. Petrie was warned that the action would be dismissed without further notice if he failed to file a second amended complaint within thirty days.

Mr. Petrie has failed to file a second amended complaint within the time allowed. Furthermore, the Court agrees that the prior pleadings in this action do not provide a short and plain statement of Mr. Petrie's claims against the named Defendants showing he is entitled to relief as required under Rule 8.  Therefore, the action will be dismissed without prejudice for failure to prosecute and comply with the Federal Rules of Civil Procedure and a court order.  The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1), the Amended Prisoner Complaint (ECF No. 10), and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Petrie failed to prosecute and comply with the Federal Rules of Civil Procedure and a court order.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 16th day of September, 2015.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court